IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE LEGGETT, #123778, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 21-0307-JB-MU |
| COMMISSIONER J. DUNN, *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i,iii) as frivolous and because it seeks monetary relief against a defendant who is immune from such relief.

**I.  Amended Complaint (Doc. 13).**

The complaint before the Court is Plaintiff's Court-ordered amended complaint.  (Doc. 13, PageID.48).  Leggett was ordered to file the amended complaint because when the Court screened the original complaint under 28 U.S.C. § 1915(e)(2)(B), it found that a § 1983 claim had not been stated.  (Doc. 12, PageID.38).  The Order advised Plaintiff of his original complaint's deficiencies and informed him of the pleading requirements for stating a § 1983

claim in federal court. (*Id.*). Leggett was ordered to file an amended complaint that complied with the Order's pleading directives and corrected the noted deficiencies, and he was advised that the amended complaint's lack of compliance or his failure to respond or to notify the Court of an address change would result in the dismissal of the action for failure to prosecute and to obey the Court's Order. (*Id.* at 9, PageID.46).

Instead of following through on his original complaint and with the Court's directives, Leggett filed an amended complaint naming the undersigned, U.S. Magistrate Judge Bradley Murray, as the sole Defendant. (Doc. 13 at 5, PageID.52). No longer are Commissioner J. Dunn, Health Department Director Escambia County John Doe, and Warden Reosha Butler named as Defendants. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (matters in the original complaint are abandoned when an amended complaint is filed); *see* Doc. 13 at 1(D), PageID.48 (the amended complaint – "The persons who are listed as defendant in section III of the complaint are deemed by the Court to be the only defendants to this action."). Moreover, Leggett was advised that when he filed the amended complaint, he should not rely on his original complaint because the amended complaint was replacing it. (*See Id.* at 1-2, PageID.38-39).

Leggett alleged in his brief amended complaint that since August 2021, the undersigned has failed to follow the United States Constitution and the Federal Rules of Civil Procedure "in order to shield the violations of Defendants which is [a] conspiracy to deprive [him] of his 8th and 14th Amendment rights of

the United States Constitution[,]" which is "treason." (*Id.* at 4, PageID.51). In support of his allegation, he claims that the undersigned "has failed to serve or process said Civil Action as the law requires," as reflected by this action's proceedings. (*Id.* at 5, PageID.52). For relief, Leggett states that he is suing the undersigned in his judicial capacity[1] and seeks his impeachment, recusal[2], and one million dollars. (*Id.* at 7, PageID.54).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Leggett is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc.13) under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an

---

[1] The undersigned is not construing this reference to judicial capacity as official capacity because *Bivens* claims do not extend to federal officers in their official capacity and are barred by sovereign immunity. *Bevan v. Steele,* 417 F. App'x 840, 841 n.3 (11th Cir. 2011).

[2] The request for recusal is being handled by separate order.

[3] Because plaintiff was a prisoner when he filed this action, his action must be screened by the Court before service is ordered on the defendants. 28 U.S.C. § 1915(e)(2)(B). During the screening process, the Court must dismiss a plaintiff's complaint if it is frivolous or malicious, fails to state a claim a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Discussion.

Even though Leggett filed the amended complaint on this Court's § 1983 complaint form, he sued a federal official, not a state official. Thus, his action is a *Bivens* action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Marshall v. U.S.,* 763 F. App'x 862, 864 (11th Cir. 2019).

"[T]he immunities provided federal officials in *Bivens* actions are coextensive with those provided state officials in § 1983 actions." *Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000). *See Bevan v. Steele*, 417 F. App'x 840, 841 (11th Cir. 2011) (finding the district judge and magistrate judge were entitled to absolute judicial immunity because the complained of actions were taken as a part of the court's normal conduct and thus the action was properly dismissed);

4

*Bolin*, 225 F.3d at 1242 (finding federal judges are entitled to absolute immunity from damages and injunctive relief).

A judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05 (1978) (citation and internal quotation mark omitted); *see Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this immunity even though his acts were erroneous, malicious, or in excess of his jurisdiction. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104. This immunity also extends to claims for injunctive relief. *Bolin*, 225 F.3d at 1242.

Considering that the amended complaint's allegations are focused on the rulings in, and the handling of, this action, it is evident that Leggett is suing the undersigned for acts taken while acting in his judicial capacity. *See* Docket, *Leggett v. Dunn,* CA No.21-0307-JB-MU (S.D. Ala.). Moreover, it is apparent that undersigned has acted within his jurisdiction as a magistrate judge in handling pretrial matters in this action. 28 U.S.C. § 636(b)(1) (authorizing "a magistrate judge to hear and determine any pretrial matter pending before the court").

Because the undersigned was acting in his judicial capacity and not in the clear absence of all jurisdiction, thereby satisfying *Stump*, the undersigned is entitled to absolute judicial immunity from damages and the injunctive relief request to be impeached.[4]  *Kapordelis v. Carnes,* 482 F. App'x 498, 498 (11th

---

[4] The undersigned is foregoing a discussion as to the correctness of this request.

Cir. 2012) (affirming the frivolous dismissal of a *Bivens* action filed by a prisoner against five federal circuit judges).  Accordingly, Leggett's claims against undersigned are frivolous as a matter of law as they are without legal merit. *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i,iii) as frivolous and because it seeks monetary relief against a defendant who is immune from such relief.[5]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.  72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)

---

[5]   *See In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007) (approving of the district court denying the debtor's motion to recuse, even though the debtor named the judge as a defendant in another action, and allowing the judge to proceed handling the case); *Pickett v. Butler*, 2022 WL 1050907, at *2 (M.D. Ala. Apr. 7, 2022) (finding the magistrate judge did not need to recuse himself from the inmate's habeas case even though the inmate's recent civil action named the magistrate judge as a defendant).

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this  16th day of June, 2022.


**s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**